**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6315**

GREGORY T. CHRISTIAN,

              Plaintiff - Appellant,

        v.

K. A. PAYNE, Greenville Police Officer; ANDREW LEAGUE, Greenville Police Officer,

              Defendants - Appellees,

        and

CITY OF GREENVILLE, SOUTH CAROLINA,

              Defendant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:16-cv-01757-TMC)

Submitted:  August 29, 2018                          Decided:  October 11, 2018

Before KING, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory T. Christian, Appellant Pro Se. Ross B. Plyler, ROE, CASSIDY, COATES & PRICE, PA, Greenville, South Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory T. Christian brought this 42 U.S.C. § 1983 (2012) action against K.A. Payne and Andrew League, alleging that these officers of the Greenville, South Carolina Police Department violated his Fourth Amendment rights when they searched him after he was accused of taking a ring at a South Carolina yard sale. The officers first conducted a pat down search for weapons and subsequently searched Christian's person for the ring. The district court adopted the magistrate judge's recommendation and granted summary judgment in favor of the officers, concluding that they were entitled to qualified immunity for both searches. Christian timely appealed. For the reasons that follow, we affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *General Ins. Co. of Am. v. United States Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). "A summary judgment award is appropriate only when the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Core Commc'ns, Inc. v. Verizon Md. LLC*, 744 F.3d 310, 320 (4th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "[A]n otherwise properly supported motion for summary judgment" will not be defeated by the existence of some factual dispute; rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 247-48.

3

Qualified immunity—an affirmative defense to liability under § 1983—"shields government officials from liability for civil damages, provided that their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." *Yates v. Terry*, 817 F.3d 877, 884 (4th Cir. 2016) (internal quotation marks omitted). Applied properly, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (internal quotation marks omitted).

"In determining whether an officer is entitled to summary judgment on the basis of qualified immunity, courts engage in a two-pronged inquiry." *Smith v. Ray*, 781 F.3d 95, 100 (4th Cir. 2015). The first prong "asks whether the facts, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a federal right." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "The second prong of the qualified immunity inquiry asks whether the right was clearly established at the time the violation occurred such that a reasonable person would have known that his conduct was unconstitutional." *Id.* "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks, citations, and brackets omitted).

The two prongs of the qualified immunity test may be addressed in any sequence. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Under either prong, however, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment.

*Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). "The purely legal question of whether the constitutional right at issue was clearly established is always capable of decision at the summary judgment stage, but a genuine question of material fact regarding whether the conduct allegedly violative of the right actually occurred must be reserved for trial." *Schultz v. Braga*, 455 F.3d 470, 476 (4th Cir. 2006) (quotation marks, brackets, and ellipses omitted).

Officer Payne stated that he conducted the pat down search for weapons out of concern for safety.

> Police may conduct a patdown search without a warrant if, under the totality of the circumstances, the officer has an articulable, reasonable suspicion that a person is involved in criminal activity and that he is armed . . . . If a reasonably prudent person would believe that his safety, or the safety of others, is endangered, he may conduct a limited search of outer clothing to discover any weapons.

*United States v. Raymond*, 152 F.3d 309, 312 (4th Cir. 1998). In this case, the officers responded to a report of a stolen ring at a yard sale by a suspect described as belligerent. Christian admitted that, during his encounter with the police, he reached into his pocket to retrieve his driver's license. There is no evidence in the record that the officers asked him for his identification or otherwise understood that Christian was reaching into his pocket for his license. Under a totality of the circumstances, an objectively reasonable officer in Payne's position would have believed that Christian may have been armed and was reaching for a weapon, and a reasonable officer would not have believed that conducting a pat down search in this situation would violate Christian's constitutional

5

rights. We therefore conclude that the district court did not err in finding that the officers were entitled to qualified immunity on this claim.

Turning to the second search, an exception to the Fourth Amendment's general prohibition against warrantless searches is voluntary consent given by an individual possessing the authority to do so. *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). "Consent to search is valid if it is (1) knowing and voluntary, and (2) given by one with authority to consent." *United States v. Buckner*, 473 F.3d 551, 554 (4th Cir. 2007) (citations and internal quotation marks omitted). "[W]hether a consent to a search was in fact voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973) (internal quotation marks omitted).

Christian signed a consent form giving the officers permission to conduct the second search. The form expressly stated that Christian gave his consent voluntarily and without any threats or promises. Christian, who was in his fifties at the time he signed the form, holds an aerospace engineering degree, and devoted his career to the Space Shuttle and Space Station programs at the Johnson Space Center in Houston, does not dispute that he understood the form he signed. However, he explains that he only signed the form out of fear and duress. Christian began removing his jacket and shoes and placed his hands on the patrol car without being instructed to do so after the officers asked him if they could search him for the ring. Even accepting Christian's statement, as we must on summary judgment orders, that he only signed the consent form out of fear

and duress, we conclude that reasonable officers in the position of the Defendants would have understood Christian's actions, namely signing the consent form and positioning himself for a search without being instructed to do so, indicated his consent to the search. We therefore agree with the district court that Defendants also were entitled to qualified immunity with regard to the second search.

Accordingly, we affirm the district court's order granting summary judgment in favor of Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*